Louis Pechman, Esq.
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FERNANDO ORTEGA and CESAR NACIPUCHA, :
of themselves and all others similarly situated, :
                                                                   : **COMPLAINT**
                         Plaintiffs, :
                       -against- : **COLLECTIVE**
                                                    : **ACTION**
LISSETTE 861 CORPORATION d/b/a BELLO :
RESTAURANT, and LUIS PELAEZ, :
                                                    : **ECF CASE**
                       Defendants. :
------------------------------------------------------------------X

Plaintiffs Fernando Ortega and Cesar Nacipucha ("plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Lissette 861 Corporation d/b/a Bello Restaurant and Luis Pelaez (collectively referred to herein as "defendants" or "Bello"), allege:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, and misappropriated tips, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), and to recover unpaid spread-of-hours pay pursuant to the NYLL.

2. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum wages, unpaid overtime pay,

misappropriated tips, spread-of-hours pay, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. §1391, as Lissette 861 Corporation d/b/a Bello Restaurant is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

5. Fernando Ortega ("Ortega") resides in Brooklyn, New York. He was employed by defendants as a waiter from February 2014 to June 2015.

6. Cesar Nacipucha ("Nacipucha") resides in Queens, New York. He was employed by defendants as a busboy from 2013 to June 2015.

**Defendants**

7. Defendant Lissette 861 Corporation is a New York corporation that owns and operates Bello Restaurant ("Bello"), a restaurant located at 863 Ninth Avenue, New York, New York 10019. Bello prepares and serves Italian food and alcoholic beverages for customers on its premises.

8. Lissette 861 Corporation is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Lissette 861 Corporation has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

9. Defendant Luis Pelaez ("Pelaez") is a person engaged in business in the City and County of New York, who is an owner, officer, and/or agent of Bello. Pelaez exercises sufficient control over Bello's operations to be considered plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and implemented the pay practices at Bello.

## COLLECTIVE ACTION ALLEGATIONS

10. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons (*i.e.*, waiters, busboys, and runners) who are current and former employees of Bello since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

11. The FLSA Collective consists of over twenty similarly situated current and former employees of Bello who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, overtime wages, tips that they earned, and other wages.

12. The FLSA Collective consists of employees who, during their employment at Bello, fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earn more than $30.00 per month in tips and were required by defendants to participate in a tip-pooling scheme at Bello. 29 U.S.C. § 203(t).

13. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

 a. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL;

 b. failing to pay employees minimum wage for all hours worked;

 c. failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week;

 d. depriving the waitstaff of tips that they earned;

 e. redistributing portions of the tips earned by its waitstaff to the General Manager who was not entitled to tips under the FLSA and the NYLL; and

 f. failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than ten hours.

14. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

15. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to plaintiffs and the FLSA Collective.

16. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Bello, are readily identifiable, and locatable through Bello's records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE LAW REGARDING TIPPED EMPLOYEES

17. The FLSA allows employers of "tipped employees" to apply a "tip credit" and pay their tipped employees at a reduced minimum wage rate.

18. The FLSA and the NYLL provide that to be eligible to apply a "tip credit" and pay employees at the tipped minimum wage, employers must inform their tipped employees in advance that the tip credit will be applied and must allow employees to keep all the tips that they receive.

19. Under the FLSA and the NYLL, managers are prohibited from sharing in the tips received by "tipped employees." Section 196(d) of the NYLL provides that an employer cannot accept "any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

## THE UNLAWFUL TIP POOL AT BELLO

20. At any given time, Bello employs approximately twenty waiters, busboys, and runners (the "waitstaff") who fall under the category of "tipped employees" pursuant to the FLSA.

21. Defendants did not provide notice to plaintiffs and the FLSA Collective prior to applying the tip credit.

22. Defendants established and imposed an unlawful tip pool upon its waitstaff, requiring them to pay a share of the tip pool to the General Manager of Bello, Juan Rodriguez.

23. General Manager Rodriguez appears on the tip sheets of the restaurant and receives a share of the tip pool on a daily basis.

24. The tip pool at Bello is one in which waiters receive four points from the tip pool. Busboys receive two and one-half (2 ½) points, and runners receive three points.

25. General Manager Rodriguez collects four points from the tip pool every night.

26. The General Manager's primary responsibilities at Bello include general supervision of the restaurant and of the waitstaff, hiring and firing, setting schedules, disciplining waiters, and otherwise acting in a managerial capacity.

27. General Manager Rodriguez should not have received *any* share from the tip pool inasmuch as he is an "employer" within the meaning of the FLSA and NYLL

who has the power to schedule and discipline employees, and performed only *de minimis* table service for customers.

28. For example, General Manager Rodriguez hired both Ortega and Nacipucha.

29. In *Barenboim v. Starbucks Corp.*, No. 10 Civ. 4912 (2d Cir. Nov. 21, 2013), the Second Circuit stated that:

> Individuals with "meaningful or significant authority or control over subordinates" are prohibited from sharing in employees' tips, and such authority or control may "'include the ability to discipline subordinates, assist in performance evaluations or participate in the process of hiring or terminating employees, as well as having input in the creation of employee work schedules, thereby directly influencing the number and timing of hours worked by staff as well as their compensation."

(quoting *Barenboim v. Starbucks Corp.*, 2013 N.Y. Slip Op. 04754, at *6 (June 26, 2013)).

30. Defendants' skimming of the gratuities of the waitstaff violates Section 196(d) of the NYLL.

31. Because Bello made unlawful deductions from the wages of its waitstaff, Bello is not entitled to reduce the minimum wages of plaintiffs and the FLSA Collective by applying the tip credit allowance that is available under the FLSA.

32. Defendants' improper application of the tip credit deprives plaintiffs and the FLSA Collective of their statutory minimum wage under the FLSA and plaintiffs and the FLSA Collective are entitled to the full statutory wage and disgorgement of any gratuities misappropriated by defendants.

## BELLO'S FAILURE TO PAY
## MINIMUM WAGE AND OVERTIME PAY

33. Bello is open for business from 11:00 a.m. to 11:00 p.m. Monday through Thursday, 11:00 a.m. to 12:00 a.m. on Fridays, 3:00 p.m. to 11:00 p.m. on Saturdays, and 3:00 p.m. to 9:00 p.m. on Sundays.

34. Plaintiffs and members of the FLSA Collective have always been scheduled to work one of two scheduled shifts. The two shifts are:

   a. the double shift (both lunch and dinner) from approximately 11:00 a.m. to approximately 10:30 p.m., with a one hour break; and

   b. the dinner shift from 5:00 p.m. to 11:00 p.m., or 5:00 p.m. to 12:00 a.m. on Friday and Saturday, with no break.

35. The FLSA and NYLL require that employers pay all employees a minimum wage for all hours worked weekly up to forty, and requires that employers pay employees one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty during any workweek, unless they are exempt form coverage.

36. On July 24, 2007, the federal minimum wage was $5.85 per hour. On July 24, 2008, the federal minimum wage increased to $6.55 per hour. From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

37. On January 1, 2007, the New York State minimum wage was $7.15 per hour. From July 24, 2009 to December 30, 2013, the New York State minimum wage was $7.25 per hour. From December 31, 2013 to December 30, 2014, the New York State minimum wage was to $8.00 per hour. On December 31, 2014 the New York State minimum wage increased to $8.75 per hour.

38. Regardless of the hours worked, all the waitstaff were paid for a maximum of forty hours of work per week.

7

39. Ortega and Nacipucha regularly received paychecks indicating payment for 35 or 40 hours of work even though they regularly worked many more hours per week.

40. For example, Nacipucha regularly worked double shifts, six days per week, for a total of approximately sixty-three hours worked per week.

41. During the busy winter months plaintiff Ortega regularly worked three double shifts and four diner shifts per week, for a total of approximately fifty-seven and one-half (57 ½) hours per week.

42. Plaintiffs were never, however, paid for more than forty hours of work per week.

43. Bello does not pay plaintiffs and the FLSA Collective at the overtime rate of one and one-half (1½) times the regular hourly rate for all hours worked in excess of forty hours per week.

44. The exact accounting of such wage theft for the plaintiffs and FLSA Collective can only be determined upon completion of discovery.

## SPREAD-OF-HOURS PAY VIOLATION

45. The NYLL, and supporting New York State Department of Labor Regulations, require that employers pay employees one additional hour's pay at the full minimum wage for each workday that exceeds ten hours.

46. Plaintiffs and the FLSA Collective have worked shifts that spanned more than ten hours per day, but have not been paid one additional hour's pay at the full minimum wage.

47. Defendants willfully and intentionally failed to compensate plaintiff with an additional one hour's pay at the full minimum wage for each day his workday

exceeded ten hours, as required spread-of-hours pay under the NYLL and New York State Department of Labor Regulations

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

48. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011 through 2014, the WTPA also required employers to provide an annual written notice of wages to be distributed on or before February 1st of each year of employment.

49. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

50. Defendants paid plaintiff and the members of the FLSA Collective without providing an accurate wage statement listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

51. Defendants willfully failed to supply plaintiff and members of the FLSA Collective with a written notice of their wages in English or in the language identified by plaintiff as his primary language, containing his rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth herein.

53. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

54. Defendants were required to pay to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

55. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

   a. Defendants were required to but failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. Defendants withheld a portion of plaintiffs' tips by permitting a manager to take a portion of the tips after each shift.

56. Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

57. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

58. As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such

amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

59. Plaintiffs repeat and reallege paragraphs 1 through 58 as if fully set forth herein.

60. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

61. Defendants failed to pay plaintiffs and other waitstaff the minimum wages to which they are entitled under the NYLL.

62. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs and other waitstaff minimum hourly wages.

63. As a result of defendants' violations of the NYLL, plaintiffs and other waitstaff are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

64. Plaintiffs repeat and reallege paragraphs 1 through 63 as if fully set forth herein.

65. Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate at which plaintiffs were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

66. Defendants have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

11

67. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and members of the FLSA Collective overtime wages.

68. Due to defendants' violations of the FLSA, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

69. Plaintiffs repeat and reallege paragraphs 1 through 68 as if fully set forth herein.

70. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs and other waitstaff one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty.

71. Defendants have failed to pay plaintiffs and other waitstaff the overtime wages to which they were entitled under the NYLL.

72. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs and other waitstaff overtime wages.

73. Due to defendants' willful violations of the NYLL, plaintiffs and other waitstaff are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (New York Labor Law - Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)

74. Plaintiffs repeat and reallege paragraphs 1 through 73 as if fully set forth herein.

75. New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

76. New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

77. At all times relevant, defendants demanded or accepted, directly or indirectly, or retained a portion of gratuities belonging to plaintiffs and other waitstaff.

78. At all times relevant, defendants have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor regulations.

79. By defendants' knowing or intentional demand for, acceptance of, and/or retention of the gratuities paid by customers, defendants have willfully violated NYLL, Article 6 § 196-d and the supporting New York State Department of Labor Regulations.

80. As a result of defendants' willful violations of the NYLL, plaintiffs and other waitstaff are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## SEVENTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

81. Plaintiff repeats and realleges paragraphs 1 through 80 as if fully set forth herein.

82. Defendants willfully failed to pay plaintiffs and other waitstaff additional compensation of one hour's pay at the full minimum hourly wage rate for each day during which he worked more than ten hours.

83. By defendants' failure to pay plaintiffs and other waitstaff spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

84. Due to defendants' willful violations of the NYLL, plaintiff and other waitstaff are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

## EIGHTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

85. Plaintiffs repeat and reallege paragraphs 1 through 84 as if fully set forth herein.

86. Defendants failed to furnish to plaintiffs and other waitstaff a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

87. Due to defendants' violation of NYLL § 195(1), plaintiffs and other waitstaff are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

88.     Defendants failed to furnish to plaintiffs and other waitstaff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

89.     Due to defendants' violation of the NYLL, § 195(3), plaintiffs and other waitstaff are entitled to recover from the defendants liquidated damages of $100.00 per workweek.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

a.      authorizing the issuance of notice at the earliest possible time to all waitstaff employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.      declaring that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

c.      declaring that defendants have violated the spread-of-hours provisions of the NYLL and the New York State Department of Labor Regulations;

d.      declaring that defendants violated the notice provisions of the Wage Theft Prevention Act;

  e. declaring that defendants' violations of the FLSA and NYLL were willful;

  f. enjoining future violations of the FLSA and NYLL;

  g. awarding plaintiffs and the FLSA Collective damages for unpaid minimum wages, overtime wages and spread-of-hours pay;

  h. awarding plaintiffs and the FLSA Collective damages for tips which were unlawfully collected and retained by the defendants;

  i. disgorging from defendants and ordering that the defendants remit back the amount of the tips misappropriated from the wages of plaintiffs and the FLSA Collective;

  j. awarding plaintiffs and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

  k. awarding plaintiffs and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

  l. awarding plaintiffs and the FLSA Collective liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring and failure to provide a wage statement with the payment of wages pursuant to the NYLL;

  m. awarding plaintiffs and the FLSA Collective pre-judgment and post-judgment interest under the FLSA and the NYLL;

  n. awarding plaintiffs and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

o.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 23, 2015

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
*Attorneys for Plaintiffs*