## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between Plaintiffs Fernando Ortega, Cesar Nacipucha and opt-in Plaintiff, Paolo Idrovo, on behalf of themselves, each of their heirs, estate, executors, administrators, representatives, attorneys, insurers, successors and assigns (hereinafter, collectively referred to as "Plaintiffs") and Lissette 861 Corporation d/b/a Bello Restaurant ("Bello") and Luis Pelaez ("Pelaez") (collectively, "Defendants") on behalf of the entity itself, its past and present parents, subsidiaries, affiliates, and any and all departments, divisions, and all past and present officers, directors, supervisors, managers, agents, owners, representatives, attorneys, employees, administrators, jointly and individually.   Plaintiffs and Defendants and hereinafter referenced together as the "Parties."

**WHEREAS**, plaintiffs filed a Complaint captioned, "Fernando Ortega and Cesar Nacipucha, *on behalf of themselves and all others similarly situated v. Lissette 861 Corporation D/B/A Bello Restaurant, and Luis Pelaez*" in the United States District Court for the Southern District of New York and assigned Civil Action No. 15-cv-4881-DCF ("the Complaint"), alleging the named defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in connection with plaintiffs' and purportedly similarly situated individuals' employment relationships with Bello; and

**WHEREAS**, the individual defendant, Luis Pelaez and Bello have each denied any unlawful conduct or wrongdoing, and all liability; and

**WHEREAS**, the Parties wish to amicably resolve any and all disputes between them, and are entering into this Agreement for the purposes of avoiding the costs of litigation, and settling, compromising and resolving any and all claims that plaintiffs may have against defendants and

any related entities, including all claims which were or could have been asserted in the Complaint; and

**WHEREAS**, in exchange for their release of all liability and the voluntary dismissal of their claims with prejudice, Bello has agreed to provide plaintiffs with certain additional compensation and consideration which it is not otherwise obligated to provide and to which plaintiffs would not otherwise be entitled;

**NOW, THEREFORE**, in consideration of the execution of this Agreement and a Stipulation of Dismissal with Prejudice, and for other good and valuable consideration, the Parties agree as follows:

1.    **Settlement Payment.**    Defendants shall pay the agreed-upon amount of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00) as follows:

Defendants shall issue payment in six monthly installments of $25,000 commencing on the latter of June 15, 2016 or within 5 days after the Court enters an Order dismissing the Complaint with prejudice and approving the settlement and this Agreement, payable as follows:

(a)    Eight Thousand Nine Hundred Eighty-Six Dollars and Zero Cents ($8,986.00) payable by checks to Cesar Nacipucha;

(b)    Six Thousand Five Hundred Ninety-Three and Zero Cents ($6,593.17) payable by checks to Fernando Ortega;

(c)    Nine Hundred Seventy-Five Dollars and Seventeen Cents ($975.17) payable by checks to Paolo Idrovo; and

(d)    Eight Thousand Four Hundred Forty-Five Dollars and Sixty-Seven Cents ($8,445.67) payable by check to Pechman Law Group PLLC.

Each payment to Plaintiffs will be made in two checks in equal gross amounts totaling the amount due:  (1) one check for back wages, less regular payroll deductions, for which a Form W-2 will be issued, and (2) one check for liquidated damages, for which no withholding will be

2

made and a Form 1099 will be issued.  A Form 1099 will also be issued to Pechman Law Group PLLC for their payment pursuant to this Agreement.  All payments constituting the Settlement Amount shall be delivered to: Pechman Law Group PLLC, 488 Madison Avenue, New York, New York 10022, Attn: Louis Pechman, Esq. on or before the fifteenth of every month from July 15, 2016 through November 15, 2016.  The full settlement payment schedule is annexed hereto as Exhibit B.

The foregoing payments shall represent the full, final and complete settlement of all claims in the Complaint by plaintiffs against Bello and all other released entities referenced below, including for any compensation, attorneys' fees, costs and expenses.

Plaintiffs agree that to the extent that any other federal, state or local taxes may be or become due or payable as a result of any of the above payments made to them, they shall be solely responsible for paying them.  Plaintiffs further agree that they have not relied upon any representation made by Bello or any of its representatives concerning the tax treatment of said payments.  Plaintiffs shall indemnify Bello from, and hold it harmless against, any claims made by administrative agencies or courts of competent jurisdiction for such unpaid taxes, including any costs and counsel fees incurred by Bello as a result of any such claims.

2.    **Additional Payment in Event of Default**.  If Defendants fail to make timely payment as provided in Paragraph 1, counsel for Plaintiffs shall notify counsel for Defendants of any such breach by email (notice deemed completed upon sending email to Michael T. Grosso, Esq. at mgrosso@littler.com and Tedd J. Kochman at tkochman@littler.com), after which time Defendants shall cure the default within five (5) business days.  In the event that Defendants fail to timely cure by 6 p.m. EST on the fifth business day, or if any check tendered by Defendants is not negotiable for any reason, Defendants will immediately become indebted to Plaintiffs and

Plaintiffs shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit A without further notice, against Defendants jointly and severally, in the United States District Court, Southern District of New York, for Two Hundred Thousand Dollars ($200,000) less any partial payment(s) made, and shall have immediate execution therefor. In addition, Defendants shall be liable to the Plaintiffs for their reasonable attorneys' fees in regard to the enforcement of the Agreement and the collection of monies due thereafter.

3.      Defendants shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit A, and return it to Plaintiffs with this executed agreement. The original of the Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed.

4.      **Full Payment and No Monies Owed.** Plaintiffs agree and affirm that the payments described in Paragraph 1 above constitute adequate consideration for the release of claims described in Paragraph 5, constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement, and that neither plaintiffs nor their counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with the Complaint. Plaintiffs further agree and affirm that the payments provided for in Paragraph 1 constitute the entire, maximum, and only financial obligation of Bello to plaintiffs under this Agreement, and that they have been paid and/or have received all compensation to which they may be entitled.

5.      **Release by Plaintiffs.** In consideration for Bello's commitment to the arrangements described herein, plaintiffs, for themselves and their agents, successors, heirs, executors, administrators and assigns, hereby irrevocably and unconditionally forever releases and discharges Bello and all of its current and former predecessors, successors, parents,

4

affiliates, benefit plans, insurers and assigns, and each of their current and former respective owners, directors, officers, shareholders, members, trustees, administrators, employees, representatives and agents, including but not limited to, Lissette 861 Corporation d/b/a Bello Restaurant and Luis Pelaez (collectively, "the Releasees") from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, whether known or unknown, up to and including the date of this Agreement, which relate in any matter to the claims asserted in the Amended Complaint or any claims under the Fair Labor Standards Act or the New York Labor Law (the "Released Claims") or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description related to the Released Claims, whether arising in law or equity, except for claims to enforce this Agreement.

Plaintiffs also acknowledge and agree that while this Release does not preclude them from filing a charge with the National Labor Relations Board, the Equal Employment Opportunity Commission or a similar state or local agency, or from participating in any investigation or proceeding with such an agency, they will not personally recover monies, and expressly waives the right to recover such monies, for any complaint or charge filed against the Releasees regarding any of the Released Claims, with any federal, state or local board, agency or court.  Plaintiffs also acknowledge and agree that they are releasing and waiving all rights to opt into or join any class or collective action for wages against Bello with regard to any of the Released Claims, that they shall not join or voluntarily participate in any such action, and that they shall not personally recover any monies from such an action, and expressly waive the right to do so.

Plaintiffs further acknowledge and agree that with the payment referenced in Paragraph 1, they have been provided with and have received all leave, reinstatement and compensation to which they were legally entitled during their relationship with Bello; and that they were not subjected to any improper treatment, conduct or actions as a result of a leave, reinstatement or compensation request. Except for the Complaint, plaintiffs hereby represent that no action, suit, complaint, claim, grievance, demand for arbitration or other proceeding is pending against Releasees in any court or other forum relating directly or indirectly to plaintiffs' relationship with Bello, termination of the relationship, or otherwise. Plaintiffs represent that they have no claims pending against any of the Releasees, except for the Complaint, and that they are not aware of any other claims against any of the Releasees that could have been asserted in the Complaint.

6.   **Cooperation With Dismissal of Complaint.**   Plaintiffs agree to dismiss the Complaint with prejudice and will execute, or direct their attorneys to execute, any further documents necessary to effectuate that dismissal. Plaintiffs also agree to provide the utmost cooperation, and shall also direct their attorneys to provide the utmost cooperation, in any further actions necessary to secure the Court's approval of this settlement and/or Agreement.

7.   **No Future Employment/Contractual Relationship.**   Plaintiffs agree that they will not seek or accept employment, or work as an independent contractor or temporary worker, with the Releasees in the future, and that the Releasees are not in any way obligated to hire, employ, or retain them. Plaintiffs also agree that if they are hired, employed or retained by the Releasees, their relationship with them may be immediately terminated, and that plaintiffs relieve them from all liability for doing so.

8.    **No Admission of Liability.**  Neither this Agreement nor anything contained in it shall be construed as an admission by Bello that it has in any respect violated or abridged any federal, state or local law or any right or obligation that it may owe or may have owed to plaintiffs.  Rather, the parties merely seek to amicably resolve any and all disputes between them.  Accordingly, this Agreement shall not be admissible as evidence against, or as an admission by, any party except that the Agreement may be introduced in any proceeding to enforce the Agreement.

9.    **Entire Agreement, Modification and Severability.**  This Agreement (including the Recitals) sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties pertaining to its subject matter.  The parties agree that this Agreement may not be modified, altered or changed except by a written agreement signed by the parties, and that if any provision of this Agreement is held to be invalid, the remaining provisions shall remain in full force and effect.

10.    **Enforcement.**  The parties agree that any action which is not consistent with any of the terms or obligations contained in this Agreement shall be deemed a material breach.  In addition to any and all other available remedies for the breach of any provision of this Agreement (none of which are waived in or by this Agreement), any party shall have the right to seek specific enforcement of this Agreement, except as to provisions which subsequently may be held invalid or unenforceable.

11.    **Controlling Law.**  This Agreement shall be governed by and construed in accordance with the substantive and procedural laws of the State of New York and shall be interpreted as neutral as between the parties, without regard to any presumptions, inferences or rules of construction based on the authorship of the Agreement.

12.     **Counterparts.**  This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

13.     **Email or Facsimile.**  A facsimile or e-mail copy of this Agreement will have the same force and effect as the original. Signatures on this Agreement that have been scanned, sent via facsimile or accurately photocopied shall have the same force and effect as the original

14.     **Review and Consideration.**     Plaintiffs acknowledge that they have been provided with a reasonable time after receiving the Agreement to review and consider it, discuss it with an attorney of their own choosing, decide whether to sign it, and return if.  If they choose to sign the Agreement before consulting with an attorney or without considering the Agreement, then they (1) expressly acknowledge that the Releasees did not ask or require them to do so; and (ii) they expressly waive any claim that they did not have a reasonable time period to consider it. Plaintiffs and their counsel confirm that, if necessary, this Agreement has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

15.     **Voluntary Execution.**  Plaintiffs acknowledge and agree that they:

(a)     have carefully read and fully understand all of the provisions of this Agreement;

(b)      knowingly and voluntarily agree to all of the terms set forth in this Agreement;

(c)     knowingly and voluntarily intend to be legally bound by this Agreement;

(d)     are receiving consideration in addition to anything of value to which they are already entitled;

(e)    are hereby advised in writing to consult with an attorney and carefully

consider the terms of this Agreement prior to signing this Agreement;

(f)    have not been coerced, threatened, or intimidated in any way into signing

this Agreement.

NOW, THEREFORE, by signing below, the Parties have executed this Agreement freely

and voluntarily and accept and agree to the provisions contained in it.

**THIS IS A LEGAL AGREEMENT AND RELEASE/WAIVER OF CLAIMS**
**READ CAREFULLY BEFORE SIGNING**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.**

**YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TÉRMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS AL ESPAÑOL.**

Fernando Ortega

Dated: MAY - 16 - 2016

Cesar Nacipucha

Dated: 13 eMayo 2016

Paolo Idrovo

Dated: MAY, 16 2016.

For Lissette 861 Corporation d/b/a Bello Restaurant and Luis Pelaez

By:_____          Dated:_____
      Luis Pelaez

\

9

(e)     are hereby advised in writing to consult with an attorney and carefully consider the terms of this Agreement prior to signing this Agreement;

(f)     have not been coerced, threatened, or intimidated in any way into signing this Agreement.

NOW, THEREFORE, by signing below, the Parties have executed this Agreement freely and voluntarily and accept and agree to the provisions contained in it.

## THIS IS A LEGAL AGREEMENT AND RELEASE/WAIVER OF CLAIMS
## READ CAREFULLY BEFORE SIGNING

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TÉRMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS AL ESPAÑOL.

_____          Dated:_____
Fernando Ortega

_____          Dated:_____
Cesar Nacipucha

_____          Dated:_____
Paolo Idrovo

For Lissette 861 Corporation d/b/a Bello Restaurant and Luis Pelaez

By:_____          Dated: 5/19/16
     Luis Pelaez

\

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FERNANDO ORTEGA and CESAR NACIPUCHA,   :
on behalf of themselves and all others similarly   :
situated,   :
    :
    :   **15 Civ. 4881 (DCF)**
                Plaintiffs,   :
    :   **CONFESSION OF**
          -against-   :   **JUDGMENT**
    :
LISSETTE 861 CORPORATION d/b/a BELLO   :
RESTAURANT, and LUIS PELAEZ   ,   :
    :
             Defendants.   :
------------------------------------------------------------------------X

STATE OF NEW YORK   )
                ) ss:
COUNTY OF NEW YORK  )

      LUIS PELAEZ, being duly sworn, deposes and says:

      1.     I, Luis Pelaez, am the owner of Lissette 861 Corporation and reside at 8 Morehouse Ln., Warwick NY 10990.

      2.     I have authority to sign on behalf of myself, and on behalf of Lissette 861 Corporation, and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of Lissette 861 Corporation.

      3.     I, Luis Pelaez, hereby confess judgment and authorize entry of judgment against myself and Lissette 861 Corporation (collectively, "Defendants"), jointly and severally, in favor of Plaintiffs for the sum of Two Hundred Thousand Dollars ($200,000.00), less the amounts for the payments already made, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920,

11

1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

4.      This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

5.      The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement and approval by the United States District Court, Southern District of New York.

6.      I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7.      The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

_____
LUIS PELÁEZ

Sworn to and subscribed before me this
__20__ day of May, 2016

_____
NOTARY PUBLIC

DEBBIELEE DEJESUS
Notary Public, State of New Jersey
My Commission Expires
June 16, 2020

12

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FERNANDO ORTEGA and CESAR NACIPUCHA,      :
on behalf of themselves and all others similarly   :
situated,                                         :
                                                  :
                    Plaintiffs,      :
                                                  :      **15 Civ. 4881 (DCF)**
              -against-              :
                                                  :
LISSETTE 861 CORPORATION d/b/a BELLO       :
RESTAURANT, and LUIS PELAEZ   ,              :
                                                  :
               Defendants.       :
------------------------------------------------------------------------X

## Settlement Payment Schedule

| NAME | TOTAL | First Payment (June 15, 2016 or following court approval) | July 15, 2016 | August 15, 2016 | September 15, 2016 | October 15, 2016 | November 15, 2016 |
|---|---|---|---|---|---|---|---|
| Cesar Nacipucha | $53,916.00 | $8,986.00 | $8,986.00 | $8,986.00 | $8,986.00 | $8,986.00 | $8,986.00 |
| Fernando Ortega | $39,559.00 | $6,593.17 | $6,593.17 | $6,593.17 | $6,593.17 | $6,593.17 | $6,593.17 |
| Paolo Idrovo | $5,851.00 | $975.17 | $975.17 | $975.17 | $975.17 | $975.17 | $975.17 |
| Pechman Law Group PLLC | $50,674.00 | $8445.67 | $8445.67 | $8445.67 | $8445.67 | $8445.67 | $8445.67 |